Filed 2/9/16  P. v. Velasquez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079329 |
| v. | (Super. Ct. No. 62128110C) |
| ANNA RITA VELASQUEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Anna Rita Velasquez has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

**I**

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On February 6, 2014, defendant and her co-defendants, all of whom were personally armed, entered the residence of victims Yvette R. and Mason T. Defendant and her two co-defendants confronted the victims and, through force and fear and over the course of several hours, took personal property belonging to the victims (including a car and a truck, personal clothing, and electronics) and left the residence with that personal property. When defendant and her cohorts were apprehended a short time later, they were found to be in possession of the stolen property. During the subsequent booking process at Placer County jail, defendant was found to be in possession of a usable quantity of methamphetamine.

Defendant was charged by information with first degree residential burglary (Pen. Code, § 459 -- count one),[1] two counts of home invasion robbery (§ 211 -- counts two and three), two counts of criminal threats (§ 422 -- counts four and five) two counts of carjacking (§ 215, subd. (a) -- counts six and seven), two counts of false imprisonment by violence (§ 236 -- counts eight and nine), grand theft of a firearm (§ 487, subd. (d)(2) -- count ten), bringing drugs into a jail (§ 4573 -- count eleven), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) -- count twelve), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, former § 11364.1, Stats. 2014, ch. 331, § 9 -- count thirteen). The information alleged a person other than defendant was present in the residence during commission of count one (§ 667.5, subd. (c)(21)), defendant acted in concert in the commission of counts two and three (§ 213, subd. (a)(1)(A)), defendant personally used a firearm in the commission of counts one, four, five, eight, and nine (§§ 12022.5, subd. (a)), 1203.06, subd. (a)(1), & 667.5, subd.

---

[1]     Unspecified statutory references are to the Penal Code.

(c)(8)), and defendant personally used a firearm in the commission of counts two, three, six, and seven (§§ 12022.5, subd. (a), 12022.53, subd. (b)).

Defendant entered a negotiated plea of no contest to counts two, three, and eleven and admitted two firearm use enhancements in exchange for a stipulated sentence of 19 years 4 months in state prison and dismissal of all remaining charges and allegations.

The trial court denied probation, sentenced defendant to serve 19 years 4 months in prison as stipulated, and dismissed the balance of charges and allegations against her on the People's motion. The court imposed a $10,000 restitution fine (§ 1202.4), a $10,000 parole revocation fine, stayed pending successful completion of parole (§ 1202.45), a $120 criminal offense fee (§ 1465.8), and a $90 criminal conviction assessment (Gov. Code, § 70373), and awarded defendant 468 days of presentence custody credit (407 actual days plus 61 days of conduct credit).

Defendant filed a timely notice of appeal.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                /s/
_____

HOCH, J.


We concur:


              /s/
_____

HULL, Acting P. J.


              /s/
_____

DUARTE, J.